**C. Murray HENDERSON, Warden, Louisiana State Penitentiary, et al.**

No. 52304.

April 6, 1972.

the record does not warrant the exercise of our jurisdiction; the ruling of the trial judge on the evidentiary hearing granted on this application is correct.

259 So.2d 917

**STATE of Louisiana ex rel. Dequency LEWIS**

v.

**C. Murray HENDERSON, Warden, Louisiana State Penitentiary.**

No. 52315.

April 6, 1972.

We find no merit in the application.

259 So.2d 918

**Leroy SHORTER**

v.

**STATE of Louisiana.**

No. 52316.

April 6, 1972.

 Since the sentences complained of have been served and the state sanctions satisfied, the question raised by the application is moot.

BARHAM and DIXON, JJ., dissent from the refusal.

259 So.2d 918

**STATE of Louisiana ex rel. James Edward LOWE et al.**

v.

**C. Murray HENDERSON, Warden, Louisiana State Penitentiary, et al.**

No. 52317.

April 6, 1972.

 There is no merit in the applicant's complaint.

BARHAM, J., fully concurring. We have considered and rejected the relators' alternative application for habeas corpus although his first plea was for mandamus. We have done so because the trial record before us totally negates relators' allegations for habeas corpus relief of bias and prejudice on the part of court and counsel. The plea colloquy establishes a waiver of all constitutional rights in a knowing and voluntary plea with competent counsel.